WALTER, District Judge.
Defendants-Appellants, the Trustees of the United Mine Workers of America 1974 Pension Plan and Trust (“Trustees”), appeal from the district court’s grant of summary judgment to Plaintiff-Appellee, Charles Ball (“Ball”).
The Trustees denied Ball disability pension benefits after determining that his disability, affective (mood) and anxiety disorders, was not the result of a mine accident. Ball appealed the Trustees’ decision by filing a complaint in the United States District Court for the Eastern District of Kentucky. Cross-motions for summary judgment were filed, with the district court granting Ball’s motion and denying the Trustees’ motion.
The Trustees contend that the district court improperly applied the “arbitrary and capricious” standard of review and that the Trustees’ administrative decision to deny Ball’s application for disability pension benefits was supported by substantial evidence. This court agrees with the Trustees. As such, the district court’s decision is hereby REVERSED and the decision of the Trustees is reinstated.
I.
Ball worked as a coal miner for Arch of Kentucky from 1975 until January 1997. During that time Ball was injured in three mining accidents. In May 1998, Ball strained his back and right shoulder while lifting blocks at work. He did not receive medical attention specifically for that injury, but a doctor treating him for an unrelated condition in June 1993 noted that his shoulder was improving and was expected to heal fully within a few weeks. In March 1994, Ball injured his left shoulder in a mine accident, but did not seek medical attention and lost no time at work. Finally, in June 1996, Ball sustained neck and back injuries as a result of an explosion in the mine. He was treated in a hospital emergency room two days later for back pain apparently caused by a bruise on his lower back, and released the same day. In 1997 Ball resigned from Arch at the suggestion of his doctor. He then worked briefly as a truck driver, but soon found himself unable to work due to numerous emotional and physical problems.
In addition to the injuries Ball sustained in the mine accidents, he experienced many other medical problems. In September 1992, Ball was admitted to a hospital for treatment for persistent otorrhea (discharge from the ear) caused primarily by herpes zoster of the ear, which caused him extreme pain. Ball was treated for severe ear pain in 1993, 1995, 1996, and 1999, and was prescribed narcotic pain killers, to which he became addicted. The pain and bleeding caused by the herpes zoster prevented Ball from working on several occasions. In March 1997, Ball’s primary care physician, Dr. F. Andrew Morfesis opined that Ball was unable to go back to work in the coal mines due to problems with herpes zoster.
In July 1994, Ball was diagnosed with bilateral carpal tunnel syndrome, for which he received workers’ compensation. However, Ball never claimed the bilateral carpal tunnel syndrome was a result of a mine accident. Ball’s primary physician, Dr. Morfesis, and an orthopedic surgeon, Dr. David E. Muffly, have subsequently opined that Ball’s disabilities are the result of this carpal tunnel syndrome.
*862 Beginning in 1992, Ball’s physicians also reported that he had emotional problems. Ball was advised to seek psychiatric help on several occasions. The physicians opined that Ball suffered from depression, insomnia and anxiety due to stress, financial problems and family issues.
Ball has also been treated several times for back pain and arthritis. In November 1994, Ball complained of lower back pain allegedly caused by carrying an oxygen tank and compressor in the mine, but a neurological examination showed no damage. In July 1996, Dr. Morfesis noted that Ball suffered from arthritis related to repetitive work trauma, and diagnosed back pain syndrome without any specific cause. During 1999 and 2000, Ball was treated for back pain by at least nine different physicians. At some of these visits, Ball told the physicians that his back pain began after a 1996 mining accident. However, at other visits, Ball stated that he had no previous back injuries, that his back had just begun to hurt one morning, he had no hip or back pain in the past, and that his back pain was “unprovoked”.
II.
This court reviews a district court’s grant of summary judgment de novo. See Roush v. Weastec, Inc., 96 F.3d 840, 843 (6th Cir.1996). In reviewing the district court’s judgment, we must determine whether the district court applied the proper standard of review in assessing the merits of the summary judgment motion. In ERISA cases, the decisions of a plan administrator are subject to review under the “arbitrary and capricious” standard if the plan vests discretionary authority in the administrator. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); Wendy’s Int’l v. Karsko, 94 F.3d 1010, 1012 (6th Cir.1996). In this case, the parties and the district court agree that the Plan vests discretionary authority in the Trustees, and that the arbitrary and capricious standard applies. Therefore, the abuse of discretion standard requires “that the Trustees’ decision be upheld if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence.” Baker v. United Mine Workers of Am. Health & Ret. Funds, 929 F.2d 1140, 1144 (6th Cir.1991).
III.
Article II.C. of the Plan provides that:
A Participant who ... becomes totally disabled as a result of a mine accident ... shall, upon retirement, be eligible for a pension while so disabled. A participant shall be considered to be totally disabled only if by reason of such accident such Participant is subsequently determined to be eligible for Social Security Disability Insurance Benefits,
(emphasis added). In order to be entitled to benefits, Ball is only required to show that his mine accidents were “substantially responsible” for his disabilities, not that the accidents were the sole cause of his disabilities. See Robertson v. Connors, 848 F.2d 472, 476 (4th Cir.1988); see also Boyd v. Trustees of United Mine Workers Health & Ret. Funds, 873 F.2d 57, 59 (4th Cir.1989) (addressing the pension plan at issue in this case, and stating that disability “as a result of a mine accident” requires that the mine injury be “substantially responsible for plaintiffs inability to perform his job”).
The district court misinterpreted the causation requirement of the Plan. The court ruled that the Trustees’ decision must be based on whether the mine accidents contributed “in some part” to Ball’s disabilities, and not whether they were substantially responsible for the disabilities (citing Odom v. Mine Workers of Am. Health & Ret. Funds, 687 F.2d 843, 847 (6th Cir.1982)). The district court found that substantial evidence existed that *863 Ball’s depression and anxiety were at least partially caused by pain resulting from the accidents, and therefore reversed the Trustees’ decision. This interpretation of the Plan’s causation requirement is not warranted by either the text of the Plan itself, which simply states that the disability must result from an accident, or by the cases cited by the district court in support of its reading.
The district court relied on two cases holding that causation may be established by showing that a mine accident was a cause of a claimant’s disability, even if it was an insignificant cause, or merely exacerbated a preexisting disability unrelated to the accident. See Boyd v. Trustees of the United Mine Workers Health & Ret. Funds, 873 F.2d 57, 60 (4th Cir.1989) (proximate causation established when injury exacerbated a preexisting condition or combined with pre- or post-accident conditions); Odom, 687 F.2d at 848 (“the record as a whole permits but one conclusion: that at least a portion of appellant’s disability was caused by his fall while working at his job in the mines.”). Neither case justifies the district court’s de minimis requirement that Ball’s mining accidents need only have contributed in some part to his disability. Far from employing a de minimis causation requirement, Boyd made clear that — as we noted above — a worker will only be eligible for benefits “if the plaintiff was injured in a mine accident and that injury, whether in combination with a previous or subsequent condition, is substantially responsible for plaintiffs inability to perform his job ...” 873 F.2d at 59 (emphasis added) (quoting Robertson, 848 F.2d at 476). Odom did employ a de minimis causation requirement, but did so only after noting that the “proximate cause principle” set forth in the Union’s “Health Services Card Processing for Disabled Mine Workers” stated that:
If the mine accident aggravated a preexisting condition to the extent that the person became totally disabled, or if the mine accident occurred after a non-mine related injury and the two injuries combined resulted in total disability, then the mine worker shall be deemed to be totally disabled as a result of a mine accident. This rule applies even if evidence establishes that the mine related condition is only a small percentage of the disability.
Odom, 687 F.2d at 847. There is no evidence in the record that this document is still in effect, and neither Ball nor the district court claim that the Trustees are still bound by this definition of proximate cause. Absent such evidence, the Trustees’ decision must be upheld if substantial evidence exists that Ball’s mine accidents were not a substantial cause of his disabilities.
The district court’s conclusion that the Trustees’ denial of benefits was not supported by substantial evidence is premised on the court’s erroneous application of a de minimis causation requirement. The district court found that the opinions of Drs. Evans and Riggs and Ms. Taylor were sufficient to establish that Ball’s 1996 accident was at least a cause of his disabilities. The Trustees could not reasonably reject those opinions, the court concluded, because the opinions of Evans and Taylor were relied on by the Social Security Administration in its disability determination,[1] and because the Trustees had no *864 reason to doubt Dr. Riggs’s competency. Given this evidence that the accident played a role in causing Ball’s disabilities, the district court rejected as irrelevant the evidence the Trustees relied on that indicated other causes for his depression and anxiety because — under the district court’s interpretation of the Plan’s causation requirement — Ball was not required to show the accident was a substantial cause of his disabilities in order to be eligible for pension benefits.
Applying the correct “substantial causation” test, the Trustees’ determination is supported by substantial evidence. There is substantial evidence, in the form of the SSA’s determination of the onset date of Ball’s disability, that his depression and anxiety did not rise to the level of total disability until late 1999, three years after Ball’s last mining accident. There is substantial evidence that Ball’s depression and anxiety were caused by several factors, among which severe pain was but one factor. There is also substantial evidence that Ball’s pain was caused by several factors, including herpes of the ear, degenerative back problems, which cannot be deemed due to a mining accident under the terms of the Plan, and carpal tunnel syndrome, which two doctors believe to have been the primary cause of his suffering, and which has never been claimed to be due to a mining accident. Finally there is substantial evidence that the injuries caused by Ball’s mining accidents were not particularly serious in comparison with his other problems. Given this evidence that Ball’s mining accidents constituted, at most, one of many causes of his pain, which was in turn but one of several causes of his disabilities, the conclusions of Drs. Evans and Riggs and Ms. Taylor that Ball’s depression was caused by pain resulting from his 1996 accident do not compel a contrary conclusion. The opinions of Drs. Evans and Riggs and Ms. Taylor appear to have been based on Ball’s self-reported medical history, in which he emphasized the injuries he suffered in 1996. The Trustees’ denial of benefits does not entail an unjustified mistrust of the conclusions of these doctors that Ball suffered from depression caused in part by severe pain; only a mistrust of their conclusion that the cause of that pain was his 1996 accident. Therefore, the decision of the district court is REVERSED and the decision of the Trustees’ is reinstated.

. The district court ascribes undue significance to the fact that the Social Security Administration relied on the reports of Dr. Evans and Ms. Taylor in determining that Ball was disabled. The SSA’s determination was limited to the fact of Ball's disability, not with its ultimate cause, and the SSA therefore could have accepted Evans's and Taylor's conclusions that Ball’s depression was caused by severe pain without also accepting, or even considering, their further conclusions that his pain was caused by the 1996 accident.